IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 26 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-03028-ZLW

MARCUS F. CORDOVA,

    Plaintiff,

v.

THE EXECUTIVE DIRECTOR OF THE COLO. DEPT. OF CORRECTIONS, UNKNOWN DOCTOR WORKING AT THE COLO. DEPT. OF CORRECTIONS, and SUSAN JONES, Warden of Colo. State Penitentiary,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Marcus F. Cordova, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion for Relife [sic] from Final Judgment Pursuing [sic] Fedral [sic] Rule Civil Precidure [sic] 60B," on February 22, 2010. The Court must construe the motion liberally because Mr. Cordova is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion for Relife [sic] from Final Judgment Pursuing [sic] Fedral [sic] Rule Civil Precidure [sic] 60B," therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Cordova filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). See Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Cordova fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

On December 30, 2009, Magistrate Judge Boyd N. Boland granted Mr. Cordova leave to proceed pursuant to 28 U.S.C. § 1915. The December 30 Order required Mr. Cordova to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $9.00 within thirty days or to show cause why he had no assets and no means to pay the initial fee by filing a current certified copy of his trust fund account statement. The Order warned Mr. Cordova that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he had no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On February 10, 2010, the Court entered an order dismissing Mr. Cordova's complaint without prejudice for failure to pay the initial partial fee of $9.00, or in the alternative, to show cause why he had no assets and no means to pay the initial fee. In

doing so, the Court noted that Mr. Cordova had not communicated with the Court, nor submitted anything for filing, since December 30, 2009.

On February 18, 2010, a third-party named Colette Walker paid the initial partial fee of $9.00 on behalf of Mr. Cordova. On February 22, 2010, Mr. Cordova submitted the Motion to Reconsider.

In Mr. Cordova's Motion to Reconsider, he asserts that he "mailed a certified letter which [he] logged out through the D.O.C. registerd [sic] mail process well before the deadline as well as made out a money order for that said amount on 1/13/10." Motion to Reconsider at 1. Mr. Cordova argues that prison officials held his certified letter and money order request for several weeks, and then returned the money order request to him for insufficient funds in his account after the deadline set forth in Magistrate Judge Boland's December 30 Order had passed. He asserts that this was done "fraudulantly [sic] . . . to further delay or deny [him] proper relief." *Id.*

The Court cannot determine the significance of the certified letter to which Mr. Cordova refers, as he has neither attached the letter, a copy of the mailing log, or explained the contents of the letter. Mr. Cordova has, however, attached a DOC Request for Money Order to the Motion to Reconsider. The money order request is for $9.00, and is dated January 13, 2010. Nonetheless, a prison official marked the money order request as received on February 4, 2010, and denied it on February 5, 2010, for insufficient funds in Mr. Cordova's account. Other than his bare and conclusory allegations, Mr. Cordova provides no support for his assertion that prison officials fraudulently delayed in responding to his money order request. The mere fact that Mr. Cordova dated the money order request on January 13, 2010, does not necessarily

demonstrate that it was submitted on that date. Instead, it appears that the money order request was submitted on or around February 4, 2010. Without additional documentation, Mr. Cordova fails to support his claim that prison officials delayed in responding to his money order request. Moreover, Mr. Cordova failed to file any motions for extensions of time, or communicate with the Court at all, until February 22, 2010, long after he learned that the money order request had been returned for insufficient funds. Finally, the fact that Mr. Cordova made arrangements for a third party to pay the initial partial fee on February 18, 2010, eight days after the Court dismissed this action, does not excuse his failure to either notify the Court, pay the initial partial fee, or to show cause, within the relevant deadline. Therefore, the $9.00 initial partial fee will be refunded to Colette Walker.

Accordingly, Mr. Cordova has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. **See *Servants of the Paraclete*** , 204 F.3d at 1012.

Mr. Cordova is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion for Relife [sic] from Final Judgment Pursuing [sic] Fedral [sic] Rule Civil Precidure [sic] 60B," filed on February 22, 2010, is denied. It is

FURTHER ORDERED that the $9.00 initial partial filing fee be refunded, under separate cover, to Colette Walker.

DATED at Denver, Colorado, this __26th__ day of __February__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03028-ZLW

Marcus F. Cordova
Prisoner No. 119668
CSP – Unit B1-1-17
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/26/10

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk